| Komlan v Belisle |
|:---:|
| 2025 NY Slip Op 32897(U) |
| August 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150714/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**
*Justice*

PART 21

------------------------------------------------------------------------------X

ANEDE KOMLAN,

Plaintiff,

- v -

JAVIER BELISLE, NEW YORK CITY TRANSIT AUTHORITY, MTA BUS COMPANY and METROPOLITAN TRANSIT AUTHORITY,

Defendants.

------------------------------------------------------------------------------X

INDEX NO. 150714/2023

MOTION DATE 1/06/2025

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 14-32, 35-46

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, it is hereby **ORDERED** that plaintiff's motion for partial summary judgment in his favor on the issue of liability and dismissing defendants' "contributory negligence defense" is **DENIED**; and it is further

**ORDERED** that, within 60 days after entry of this decision and order, plaintiff's counsel is directed to retrieve the flash drive containing video footage, and defendants' counsel is directed to retrieve the CD/DVD containing the video footage from IAS Part 21, 80 Centre Street Room 280, and plaintiff's counsel and defendants' counsel are directed to preserve the video footage intact that each had submitted to the court, pending the outcome of any appeal of this decision and order, or if no appeal is taken, until after the time to appeal from this decision and order has expired.[1]

In this action, plaintiff Anede Komlan alleges that on March 10, 2022, at approximately 5:55 p.m., he was riding his electric bike uptown along Madison Avenue, and had just passed 43rd Street, when he was struck by a bus operated defendant Javier Belisle and owned by defendant New York City Transit Authority (NYCTA), which was attempting to pass him on his left (exhibit A in support of motion [NYSCEF Doc. No. 16], plaintiff's affidavit ¶¶ 2-3; exhibit B in support of motion [NYSCEF Doc. No. 17], bill of particulars ¶¶ 4-5; exhibit 5 in opposition to motion [NYSCEF Doc. No. 41], statutory hearing transcript at 37, lines 20-24; at 40, lines 6-13; at 44, lines 5-17).

In their answer, defendants admit that the subject bus was owned by NYCTA and operated by Belisle "within the scope of his employment and with the permission of" NYCTA (exhibit N in support of motion [NYSCEF Doc. No. 29] answer ¶ 3).

---

[1] If the video footage is not retrieved within 60 days after entry of this decision, court staff may then discard any unretrieved video footage.

**150714/2023   KOMLAN, ANEDE vs. BELISLE, JAVIER ET AL**
**Motion No.  001**

Page 1 of 4

1 of 4

[* 1]

"To prevail on a motion for summary judgment, the movant must make a prima facie showing by submitting evidence that demonstrates the absence of any material issues of fact. Once that initial showing has been made, the burden shifts to the opposing party to show there are disputed facts requiring a trial. All facts are viewed in the light most favorable to the non-moving party" (*Nellenback v Madison County*, —NY3d—2025 NY Slip Op 02263 [2025] [internal citations omitted]).

On this motion, plaintiff moves for order granting him partial summary judgment on the issue of liability and dismissing defendants' "contributory negligence defense" (notice of motion [NYSCEF Doc. No. 14]).  In addition to plaintiff's affidavit describing the accident, plaintiff has also submitted video of the accident taken from a nearby building located at 335 Madison Avenue (exhibit E in support of motion [NYSCEF Doc. No. 20], building video) and video taken from the bus (exhibit F in support of motion [NYSCEF Doc. No. 21]).

Further, plaintiff has provided an affirmation of an individual named Michael Primeau, who avers that he is "certified as a Forensic Video Technician through LEVA, The Law Enforcement, and Emergency Services Video Association" (exhibit G in support of motion [NYSCEF Doc. No. 22], Primeau affirmation ¶ 4).  In his affirmation, Primeau states that he "created a version of the Video that is shortened (the "Shortened Video") such that only the moment before impact, impact, and moments after impact are captured, and the exact location of impact is the focus[,] and this "Shortened Video also includes a frame to the right of the video that zooms in on the Plaintiff at the moment of impact" (*id.* ¶ 11).  This Shortened Video is submitted by plaintiff as exhibit H (NYSCEF Doc. No. 23).  In addition, Primeau "extracted the Shortened Video down into a pdf format where each moment/image in the video is able to be viewed in a still image in chronological order, which includes 180 frames" (*id.* ¶ 12).  Plaintiff submitted this pdf of still frames as exhibit I (NYSCEF Doc. No. 24).

In opposition, defendants argue that the video from the nearby building does not corroborate plaintiff's account that he was fully within his own lane and that the bus swerved into plaintiff's lane of travel (defendants' memo of law in opposition to mot at 6 [NYSCEF Doc. No. 43]). Defendants submit video from the bus, which they argue shows that the bus did not swerve or straddle two lanes of travel (*id.* at 7).  According to defendants, the video, at most, shows that plaintiff veered into the bus's lane.

In reply, plaintiff appears to argue that his motion for summary judgment should be granted because "in order to defeat this motion, Defendants were required to submit an affirmation from the defendant bus driver" and did not do so (reply affirmation in further support of motion [NYSCEF Doc. No. 44] ¶ 41).

Having reviewed all of the video footage submitted by plaintiff, this court cannot find, as a matter of law, that Belisle negligently operated the bus.

**150714/2023   KOMLAN, ANEDE vs. BELISLE, JAVIER ET AL**
**Motion No.  001**

**Page 2 of 4**

Although plaintiff and plaintiff's counsel assert with certainty that the video submitted shows that defendants' bus "swerved into Plaintiff's lane and knocked Plaintiff off his bicycle" (affirmation in support of motion [NYSCEF Doc. No. 15] ¶ 11), in the video, "the accident itself is not clearly depicted" and "the video does not, as [plaintiff] argues, irrefutably demonstrate" that plaintiff's injuries were proximately caused by Belisle's negligence (*Miranda-Lopez v New York City Tr. Auth.*, 177 AD3d 431, 431-32 [1st Dept 2019]).

In particular, while plaintiff vigorously asserts that the bus entered into his lane of travel and knocked him over (*see* affirmation of plaintiff's counsel ¶¶ 37, 44), the court cannot say as a matter of law that videos established that the bus entered plaintiff's lane of travel, or that the bus in fact made contact with plaintiff before he fell. The video from the forward facing camera does not corroborate plaintiff's contention that the bus swerved from left to right into plaintiff's vehicle. Likewise, the court finds that, upon viewing the video, a reasonable juror could conclude that plaintiff drifted into defendants' lane of travel, or fell prior to making any contact with the bus. At timestamp 18:54:49 on defendants' video footage, before the alleged impact, plaintiff is traveling along a stretch of roadway where lane lines are not painted:



(*see* defendants' exhibit 2 in opposition to motion, defendants' video [NYSCEF Doc. No 38]). As plaintiff's counsel notes, the bus video footage shows a cone straight ahead of plaintiff, and plaintiff's lane of travel was blocked ahead by barriers around parked

**150714/2023   KOMLAN, ANEDE vs. BELISLE, JAVIER ET AL**
**Motion No.  001**

Page 3 of 4

vehicles.  Thus, a vehicle traveling in plaintiff's lane must, at some point, merge into the bus's lane of travel in order to continue traveling.  Meanwhile, in the street camera footage, plaintiff appears blurry, even in the enhanced video still images.  To the extent that plaintiff's counsel appears to argue that plaintiff's e-bike was already in the lane of travel of the bus, this cannot be determined as a matter of law from the video footage due to the absence of lane lines.

In the court's view, the videos that plaintiff submits raise questions of fact as to how the accident occurred rather than eliminate all triable issues of fact.  Because plaintiff's own submissions were not sufficient to establish defendants' negligence as a matter of law, an affirmation from the bus driver was therefore not necessary (*see Velasquez v New York City Tr. Auth.*, 237 AD3d 557, 558 [1st Dept 2025]).

In any event, as "[a]ll facts are viewed in the light most favorable to the non-moving party" (*Nellenback*, —NY3d—, 2025 NY Slip Op 02263), plaintiff's motion for partial summary judgment on liability and dismissing defendants' comparative fault defense is denied.

The parties are reminded that this matter is scheduled for a preliminary conference on **Thursday, August 21, 2025** at **2:15 p.m.** in courtroom **280** at 80 Centre Street, New York, NY.

20250819154127RTSAIAD35D7FCB41A48EC84393FED8BDEB83F

| 8/19/2025 | | RICHARD TSAI, J.S.C. |
| DATE | | |

CHECK ONE: | | CASE DISPOSED | [X] | NON-FINAL DISPOSITION |
| | [X] GRANTED [X] DENIED | | GRANTED IN PART | OTHER |
APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150714/2023   KOMLAN, ANEDE vs. BELISLE, JAVIER ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]